ORIGINAL

Miguel Angel Melgar
_____
FULL NAME

_____
COMMITTED NAME (if different)

Central Valley - MCCF
_____
FULL ADDRESS INCLUDING NAME OF INSTITUTION

254 Taylor Avenue, Mc Farland, CA 93250
_____

AL1390
_____
PRISON NUMBER (if applicable)

**FILED**
CLERK, U.S. DISTRICT COURT

12/09/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PLAINTIFF, <br><br> v. <br><br> DEFENDANT(S). | **CASE NUMBER** <br> CV14-08316 DOC-AJW <br> *To be supplied by the Clerk* <br><br> **CIVIL RIGHTS COMPLAINT** <br> **PURSUANT TO** *(Check one)* <br><br> ☒ 42 U.S.C. §1983 <br><br> ☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971) |

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☐ Yes  ☒ No

2. If your answer to "1" is yes, how many?_____

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline)

RECEIVED
CLERK, U.S. DISTRICT COURT

OCT 2 4 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT

OCT 2 7 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

a. Parties to this previous lawsuit:

Plaintiff_____

_____

Defendants_____

_____

b. Court_____

_____

c. Docket or case number_____

d. Name of judge to whom case was assigned_____

e. Disposition (for example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?)_____

f. Issues raised:_____

_____

_____

g. Approximate date of filing lawsuit:_____

h. Approximate date of disposition_____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☐ Yes ☒ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☒ Yes ☐ No

   If your answer is no, explain why not_____

   _____

3. Is the grievance procedure completed? ☒ Yes ☐ No

   If your answer is no, explain why not_____

   _____

4. Please attach copies of papers related to the grievance procedure.   " See exhibit – A"

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff __Miguel Angel Melgar_____

who presently resides at__Central Valley MCCF, 654 Taylor Ave., Mc Farland, California 93250__
(mailing address or place of confinement)

Were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_____North Hollywood, California_____
(institution/city where violation occurred)

CIVIL RIGHTS COMPLAINT

CV-66 (7/97)

On (date or dates) ___01/14/2011___ , ___01/14/2011___ , _____ .
                  (Claim I)                 (Claim II)             (Claim III)

NOTE:    You need not name more than one defendant or allege more than one claim.  If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  **Defendant**        ___Anthony Lopez,  badge# 38749___ resides or works at
                            (full name of first defendant)
                    ___Valley Bureau Division, LAPD___
                            (full address of first defendant)
                    ___Police Officer, Los Angeles Police Department___
                            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☒ Individual  ☒ Official capacity.

Explain how this defendant was acting under color of law:

___As a Police Officer of the City of Los Angeles carrying a "badge of authority".___

2.  **Defendant**        ___Nathan Banry,  badge# 30692___ resides or works at
                            (full name of defendant)
                    ___Valley Bureau Division, LAPD___
                            (full address of defendant)
                    ___Police Officer, Los Angeles Police Department___
                            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☒ Individual  ☒ Official capacity.

Explain how this defendant was acting under color of law:

___As a Police Officer of the City of Los Angeles carrying a "badge of authority".___

3.  **Defendant**        ___Johnathan Stringer,  badge# 39465___ resides or works at
                            (full name of defendant)
                    ___Valley Bureau Division, LAPD___
                            (full address of defendant)
                      ___Police Officer, Los Angeles Police Department___
                            (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both):  ☒ Individual  ☒ Official capacity.

Explain how this defendant was acting under color of law:

___As a Police Officer of the City of Los Angeles carrying a "badge of authority".___

4. **Defendant**      David Bunch,  badge# 38552      resides or works at
(full name of first defendant)

Valley Bureau Division, LAPD
(full address of first defendant)

Police Officer, Los Angeles Police Department
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ **Individual**   ☒ **Official capacity.**

**Explain how this defendant was acting under color of law:**

As a Police Officer of the City of Los Angeles carrying a "badge of authority".

5. **Defendant**      William Brownell,  badge# 38934      resides or works at
(full name of defendant)

Valley Bureau Division, LAPD
(full address of defendant)

Police Officer, Los Angeles Police Department
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ **Individual**   ☒ **Official capacity.**

**Explain how this defendant was acting under color of law:**

As a Police Officer of the City of Los Angeles carrying a "badge of authority".

6. **Defendant**      Anthony Smith,  badge# 34495      resides or works at
(full name of defendant)

Valley Bureau Division, LAPD
(full address of defendant)

Police Officer, Los Angeles Police Department
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ **Individual**   ☒ **Official capacity.**

**Explain how this defendant was acting under color of law:**

As a Police Officer of the City of Los Angeles carrying a "badge of authority".

7. **Defendant**      Conrad Vollmer,  badge# 36622      resides or works at
(full name of defendant)

Valley Bureau Division, LAPD
(full address of defendant)

Police Officer, Los Angeles Police Department
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ **Individual**   ☒ **Official capacity.**

**Explain how this defendant was acting under color of law:**

As a Police Officer of the City of Los Angeles carrying a "badge of authority".

8. **Defendant** _____Paul Hendry,  badge# 32276_____ resides or works at
(full name of first defendant)
_____Van Nuys Division, LAPD_____
(full address of first defendant)
_____Police Officer, Los Angeles Police Department_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual  ☒ Official capacity.

Explain how this defendant was acting under color of law:

___As a Police Officer (Sergeant) of the City of Los Angeles carrying a "badge of authority". Use of___

___Force investigator._____

9. **Defendant** _____James Kim,  badge# 32184_____ resides or works at
(full name of defendant)
_____North Hollywood Division, LAPD_____
(full address of defendant)
_____Patrol Supervisor, Los Angeles Police Department_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual  ☒ Official capacity.

Explain how this defendant was acting under color of law:

___As a Police Officer (Patrol Supervisor) of the City of Los Angeles carrying a "badge of___

___Authority"._____

10. **Defendant** _____Kirk Albanese,  badge# 22680_____ resides or works at
(full name of defendant)
_____North Hollywood Division, LAPD_____
(full address of defendant)
_____Commanding Officer, Los Angeles Police Department_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual  ☒ Official capacity.

Explain how this defendant was acting under color of law:

___As a Commanding Officer of the City of Los Angeles carrying a "badge of authority"._____

11. **Defendant** _____Charlie Beck_____ resides or works at
(full name of defendant)
_____Los Angeles, LAPD_____
(full address of defendant)
_____Police Chief, Los Angeles Police Department_____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual  ☒ Official capacity.

Explain how this defendant was acting under color of law:

___As a Police Chief of the City of Los Angeles carrying a "badge of authority"._____

12. Defendant _____ Los Angeles Police Department _____ resides or works at
(full name of first defendant)
_____ Los Angeles, California _____
(full address of first defendant)
_____ Los Angeles Police Department _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual ☒ Official capacity.

Explain how this defendant was acting under color of law:

As a Police Department of the City of Los Angeles carrying a "badge of authority".

13. Defendant _____ City of North Hollywood _____ resides or works at
(full name of defendant)
_____ North Hollywood, California _____
(full address of defendant)
_____ Incorporated City of Los Angeles County _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual ☒ Official capacity.

Explain how this defendant was acting under color of law:

As the City of North Hollywood, employer and supervisor Los Angeles Police Department

14. Defendant _____ Los Angeles County _____ resides or works at
(full name of defendant)
_____ Los Angeles, California _____
(full address of defendant)
_____ County of Los Angeles incorporating North Hollywood _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual ☒ Official capacity.

Explain how this defendant was acting under color of law:

As Los Angeles County, employer and supervisor of Los Angeles Police Department

15. Defendant _____ Eric Garcetti _____ resides or works at
(full name of defendant)
_____ Los Angeles, California _____
(full address of defendant)
_____ Mayor of Los Angeles _____
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ Individual ☒ Official capacity.

Explain how this defendant was acting under color of law:

As the Mayor of the City of Los Angeles, employer and supervisor of Los Angeles Police Department

CV-66 (7/97)                    CIVIL RIGHTS COMPLAINT                    Page 6 of 20

D. CLAIMS*

CLAIM I

The following civil right has been violated:

1. Plaintiff suffered "wanton and unnecessary infliction of pain; cruel and unusual punishment", under the Eighth Amendment to the United States Constitution; and various "acts of deliberate indifference" which are "repugnant to the conscience of mankind". Plaintiff was simultaneously assaulted and beaten while handcuffed (restrained from being a threat), lying on the floor face down, which was "maliciously and sadistically" for the purpose of causing harm.

2. On or about January 14, 2011, plaintiff was residing at The Colony Inn Hotel, room 314 with 4 other females. While conducting a probation compliance check, LAPD Officers; defendant Smith, defendant Vollmer, defendant Bunch, defendant Lopez, defendant Stringer, defendant Banry, and defendant Brownell knocked on the door and ordered the plaintiff out of the room onto the catwalk.

3. Plaintiff walked out on his own to the catwalk and was immediately placed in handcuffs with hands behind back without any incident or resistance. *(See exhibit "C", pages 33-34)*

4. Plaintiff was escorted back in the room by defendant Smith, defendant Vollmer and defendant Bunch for approximately 15-20 minutes of questioning. *(See exhibit "C", page 34)*

5. Plaintiff was being escorted down the catwalk towards the elevator by defendant Stringer, defendant Bunch, defendant Lopez and defendant Banry.

6. The 4 escorting defendants and defendant Brownell then threw plaintiff to the ground, lying face down handcuffed with hands behind back and began to brutally beat plaintiff.

7. Plaintiff was brutally and maliciously assaulted and beaten to a pulp by defendant Smith, defendant Vollmer, defendant Bunch, defendant Lopez, defendant Stringer, defendant Banry, and defendant Brownell willing and knowingly in direct violation of the 8th Amendment & Internal LAPD Policy. *(See exhibit "C", pages 77-81)*

8. Plaintiff was in direct and immediate danger and fear for his life. Plaintiff suffered various permanent, life enduring injuries; one inch cut above right eye, golf ball size swelling above left eye, both eyes black & swollen, swelling on left & right eye lids, abrasions & cuts on face, permanent visual eye damage (cornea detached from retina on left eye), vision impaired due to floaters cause by severe trauma, swelling and cuts on back, nerve damage to back, constant shoulder and back pain, psychological trauma, constant nightmares, stress, panic attacks. *(See pictures exhibit "B" & exhibit "C", pages 40-42)*

**Supporting Facts:** Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

9. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 8 of Claim I as if fully restated herein.

10. Defendant Lopez exercised deliberate indifference, wanton and unnecessary infliction of pain to plaintiff's person, health and safety by brutally and maliciously beating plaintiff. While plaintiff was handcuffed, lying face down on the floor; defendant Lopez brutally struck plaintiff's legs numerous times with a closed fist punch. Plaintiff was struck approximately 10-12

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

CV-66 (7/97)                              CIVIL RIGHTS COMPLAINT

times. Immediately, defendant Lopez moved to plaintiff's upper body and began to viciously twist plaintiff's left arm and left wrist causing deep cuts & joint pain and damage in the wrist area and severe shoulder pain and damage. In addition, when plaintiff was escorted inside the elevator, defendant viciously attacked plaintiff several times using "deadly force" by punching plaintiff in the face with a closed fist. Plaintiff was struck approximately 10-12 times causing contusions to face, hemorrhage and a deep cut on bridge of nose, black eyes, swelling and bruising of eyes and facial area, nightmares, psychological trauma, stress and panic attacks.      *(See exhibit "D")*

11.     Defendant Banry exercised deliberate indifference, wanton and unnecessary infliction of pain to plaintiff's person, health and safety by brutally and maliciously beating plaintiff with deadly force. While plaintiff was handcuffed, lying face down on the floor; defendant Banry brutally & maliciously attacked plaintiff numerous times using "deadly force" with knee strikes (right knee) to the plaintiff's back. Plaintiff was struck approximately 12-14 times causing severe back pain, swelling, bruising and nerve damage. Simultaneously, defendant viciously & maliciously attacked plaintiff numerous times using "deadly force" with elbow strikes (left elbow) to the plaintiff's right shoulder. Plaintiff was struck approximately 14-16 times causing severe pain, swelling, bruising and nerve damage, nightmares, psychological trauma, stress and panic attacks. *(See exhibit "E")*

12.     Defendant Stringer exercised deliberate indifference, wanton and unnecessary infliction of pain to plaintiff's person, health and safety by brutally and maliciously beating plaintiff with deadly force. While plaintiff was handcuffed, lying face down on the floor; defendant Stringer brutally and maliciously attacked plaintiff numerous times using "deadly force" with kicks to plaintiff's face (directly above left eye). Plaintiff was struck approximately two times causing severe direct trauma to face, severe permanent vision damage and contusions to face. In addition, defendant Stringer brutally and maliciously attacked plaintiff numerous times using "deadly force" with elbow strikes to the back of plaintiff's head. Plaintiff was struck approximately 10-12 times causing severe direct trauma to head and contusions to face, severe permanent vision damage (cornea detached from retina), and permanent impaired vision due to floaters, constant headaches, neck pain and nerve damage, memory loss, nightmares, psychological trauma, stress and panic attacks. Defendant's various malicious acts are repugnant to the conscience of mankind. *(See exhibit "C" pages 77-79 & exhibit "F")*

13.     Defendant Bunch exercised deliberate indifference, wanton and unnecessary infliction of pain to plaintiff's person, health and safety by brutally and maliciously beating plaintiff with deadly force. While plaintiff was handcuffed, lying face down on the floor; defendant Bunch, maliciously attacked plaintiff with a taser gun approximately 4 times on the calf area of both legs. Causing severe pain and burns to leg area. In addition, while plaintiff was handcuffed, lying face down on the floor; defendant Bunch brutally and maliciously attacked plaintiff numerous times using "deadly force" with kicks and knee strikes to plaintiff's right rib area and back. Plaintiff was struck approximately 6-8 times with a kick and 6-8 times with a knee strike causing severe pain, bruising, swelling, cuts & abrasions to rib area; severe pain, swelling and nerve damage to back, nightmares, psychological trauma, stress and panic attacks. In addition, when plaintiff was escorted inside the elevator, defendant viciously attacked plaintiff several times using "deadly force" by punching plaintiff in the face with a closed fist. Plaintiff was struck approximately 10-12 times causing contusions to face, hemorrhage and a deep cut on bridge of nose, black eyes, swelling and bruising of eyes and facial area, and a one inch cut above plaintiff's right eye. *(See exhibit "G")*

---

14.    Defendant Brownell exercised deliberate indifference, wanton and unnecessary infliction of pain to plaintiff's person, health and safety by brutally and maliciously beating plaintiff with deadly force. While plaintiff was handcuffed, lying face down on the floor; defendant Brownell, brutally and maliciously pinned down plaintiff with his left leg on plaintiff's neck. Defendant then proceeded to attack plaintiff numerous times using "deadly force" with baton strikes to plaintiff's back and right rib area. Plaintiff was struck approximately 12-14 times with deadly baton strikes causing severe pain, swelling, bruising, cuts, abrasions and nerve damage to neck, nerve damage to back, nightmares, psychological trauma, stress and panic attacks. *(See exhibit "H")*

15.    Defendant Smith exercised deliberate indifference, wanton and unnecessary infliction of pain to plaintiff's person, health and safety by brutally and maliciously beating plaintiff with deadly force. While plaintiff was handcuffed, lying face down on the floor; defendant Smith, brutally and maliciously attacked plaintiff numerous times using "deadly force" with kicks to plaintiff's mid-section body. Plaintiff was struck approximately 6 times causing severe pain, bruising, swelling, nerve damage to back, psychological trauma, nightmares, stress and panic attacks.

16.    Defendant Vollmer exercised deliberate indifference, wanton and unnecessary infliction of pain to plaintiff's person, health and safety by brutally and maliciously beating plaintiff with deadly force. While plaintiff was handcuffed, lying face down on the floor; defendant Vollmer, brutally and maliciously attacked plaintiff numerous times using "deadly force" with kicks to plaintiff's legs. Plaintiff was struck approximately 6 times causing severe pain, bruising, swelling, psychological trauma, nightmares, stress and panic attacks.

17.    Defendants' Acting Sergeant and Use of Force Investigator Hendry exercised deliberate indifference to plaintiff's person, health and safety by failing immediately to remedy the illegal act of "excessive deadly force"; "assault and battery" on plaintiff. Defendant Hendry responded to the scene to investigate the "Deadly Use of Force" carried out by defendants. Defendant Hendry knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' use of "deadly excessive force". Defendant Hendry is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Hendry failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Hendry failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. *(See exhibit "J" & exhibit "A")*

18.    Defendants' Acting Patrol Supervisor Kim exercised deliberate indifference to plaintiff's person, health and safety by failing immediately to remedy the illegal act of "excessive deadly force"; "assault and battery" on plaintiff. Defendant Kim reviewed the defendants' Use of Force Report and signed off on the report. Defendant Kim knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' use of "deadly excessive force". Defendant Kim is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total

CV-66 (7/97)                          CIVIL RIGHTS COMPLAINT

of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Kim failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Kim failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. *(See exhibit "J" & exhibit "A")*

19.    Defendants' Acting Commanding Officer Albanese exercised deliberate indifference to plaintiff's person, health and safety by failing immediately to remedy the illegal act of "excessive deadly force"; "assault and battery" on plaintiff. Defendant Albanese reviewed the defendants' Use of Force Report and signed off on the report. Defendant Albanese knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' use of "deadly excessive force". Defendant Albanese is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Albanese failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Albanese failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. *(See exhibit "J" & exhibit "A")*

20.    Defendants' Acting Police Chief Beck exercised deliberate indifference to plaintiff's person, health and safety by failing immediately to remedy the illegal act of "excessive deadly force"; "assault and battery" on plaintiff. Defendant Beck reviewed the defendants' Use of Force Report and Internal Affairs Investigation Report. Defendant Beck knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' use of "deadly excessive force". Defendant Beck is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Beck failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Beck failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. *(See exhibit "J" & exhibit "A")*

21.    Defendants' Employer Los Angeles Police Department exercised deliberate indifference to plaintiff's person, health and safety by its failure to adequately train, supervise and discipline its

employees resulting in the employees violating plaintiff's rights. Defendant Los Angeles Police Department, is aware of the defendant employees past misconduct. Los Angeles Police Department knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' use of "excessive deadly force". Los Angeles Police Department noted a conscious disregard for a need to adequately train, as shown by a pattern of unconstitutional conduct by employees. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". *(See exhibit "J" & exhibit "A")*

22.    Defendants' Municipality of North Hollywood exercised deliberate indifference to plaintiff's person, health and safety by its failure to adequately train, supervise and discipline its employees resulting in the employees violating plaintiff's rights. The city of North Hollywood is aware of the defendant employees past misconduct. The city of North Hollywood noted a conscious disregard for a need to adequately train, as shown by a pattern of unconstitutional conduct by employees. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". In light of the unconstitutional conduct by employees and the duties assigned to specific employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need. *(See exhibit "J" & exhibit "A")*

23.    Defendants' Municipality of Los Angeles County exercised deliberate indifference to plaintiff's person, health and safety by its failure to adequately train, supervise and discipline its employees resulting in the employees violating plaintiff's rights. The city of Los Angeles is aware of the defendant employees past misconduct. The city of Los Angeles noted a conscious disregard for a need to adequately train, as shown by a pattern of unconstitutional conduct by employees. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". In light of the unconstitutional conduct by employees and the duties assigned to specific employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need. *(See exhibit "J" & exhibit "A")*

24.    Defendants' Acting Mayor Eric Garcetti exercised deliberate indifference to plaintiff's

person, health and safety by failing immediately to remedy the illegal act of "excessive deadly force"; "assault and battery" on plaintiff. Defendant Garcetti reviewed the defendants' Internal Affairs Investigation Report. Defendant Garcetti knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' use of "deadly excessive force". Defendant Garcetti is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. Defendant Garcetti failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Garcetti failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". In light of the unconstitutional conduct by employees and the duties assigned to specific employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city can reasonably be said to have been deliberately indifferent to the need. *(See exhibit "J" & exhibit "A")*

## CLAIM II

**The following civil right has been violated:**

1. Plaintiff's Fourteenth amendment to the United States Constitution; Substantive Due Process rights, were violated by defendants' acts of deliberate indifference when defendants maliciously falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011. In addition, defendants' false statements and reports were made knowing and willingly in order to cover up the illegal use of excessive deadly force and assault against plaintiff which interfere with fundamental rights, resulting in plaintiff's deprivation of liberty. Plaintiff suffered "wanton and unnecessary infliction of pain; cruel and unusual punishment" under the Eighth Amendment to the United States Constitution; and various "acts of deliberate indifference" which are "repugnant to the conscience of mankind". Plaintiff was simultaneously assaulted and beaten while handcuffed (restrained from being a threat), lying on the floor face down, which was "maliciously and sadistically" for the purpose of causing harm.

2. On or about January 14, 2011, plaintiff was residing at The Colony Inn Hotel, room 314 with 4 other females. While conducting a probation compliance check, LAPD Officers; defendant Smith, defendant Vollmer, defendant Bunch, defendant Lopez, defendant Stringer, defendant Banry, and defendant Brownell knocked on the door and ordered the plaintiff out of the room onto the catwalk.

3. Plaintiff walked out on his own to the catwalk and was immediately placed in handcuffs with hands behind back without any incident or resistance. *(See exhibit "C", pages 33-34)*

4. Plaintiff was escorted back in the room by defendant Smith, defendant Vollmer and defendant Bunch for approximately 15-20 minutes of questioning. *(See exhibit "C", page 34)*

5. Plaintiff was being escorted down the catwalk towards the elevator by defendant Stringer, defendant Bunch, defendant Lopez and defendant Banry.

6. The escorting 4 defendants and defendant Brownell then threw plaintiff to the ground, lying face down handcuffed with hands behind back and began to brutally beat plaintiff.

7. Plaintiff was brutally and maliciously assaulted and beaten to a pulp by defendant Smith, defendant Vollmer, defendant Bunch, defendant Lopez, defendant Stringer, defendant Banry, and defendant Brownell willing and knowingly in direct violation of the 8th Amendment & Internal LAPD Policy. *(See exhibit "C", pages 77-81)*

8. Plaintiff was in direct and immediate danger and fear for his life. Plaintiff suffered various permanent, life enduring injuries; one inch cut above right eye, golf ball size swelling above left eye, both eyes black & swollen, swelling on left & right eye lids, abrasions & cuts on face, permanent visual eye damage (cornea detached from retina on left eye), vision impaired due to floaters cause by severe trauma, swelling and cuts on back, nerve damage to back, constant shoulder and back pain, psychological trauma, constant nightmares, stress, panic attacks. *(See pictures exhibit "B" & exhibit "C", pages 40-42)*

9. Defendant Smith, defendant Vollmer, defendant Bunch, defendant Lopez, defendant Stringer, defendant Banry, and defendant Brownell knowing and willingly wrote false police reports alleging that while plaintiff was handcuffed, plaintiff attempted to murder defendant Stringer. This false allegation was made in order to cover up the illegal act of assault and battery; and excessive deadly force against plaintiff. Resulting in plaintiff's deprivation of liberty which

interfere with plaintiff's fundamental rights. Said false allegation has been proven scientifically and physically impossible by Dr. Solomon, Biomechanical Chief Scientist. *(See exhibit "I" & exhibits "D", "E", "F", "G", "H")*

10. Defendant Bunch, defendant Lopez, defendant Stringer, defendant Banry, and defendant Brownell have a history of complaints alleging unconstitutional conduct of a police officer. (See exhibit "J")

11. The defendants' superiors were aware of the unconstitutional conduct of the subordinate police officers. Defendants' superiors knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' use of "deadly excessive force". (See exhibit "A" & exhibit "J")

12. The defendant's municipalities were aware of the unconstitutional conduct of the subordinate police officers. Defendants' municipalities knowing and willingly disregarded the illegal actions of the defendants and failed to remedy the defendants' use of "deadly excessive force". (See exhibit "A" & exhibit "J")

**Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.**

13. Plaintiff realleges and incorporates by reference his allegations in paragraphs 1 through 23 of Claim I and paragraphs 1 through 10 of Claim II as if fully restated herein.

14. Defendant Lopez exercised deliberate indifference when defendant maliciously falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011, in an attempt to cover up unconstitutional conduct. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Lopez maliciously gave false statements in his report by stating that plaintiff attempted to murder defendant Stringer. In addition, defendant Lopez maliciously gave false statements in his report regarding the "deadly use of force" and assault against plaintiff. Furthermore, defendant Lopez has a known history of unconstitutional conduct of a police officer. The alleged false statement has been proven to be physically impossible by Dr. Solomon, Biomechanical Chief Scientist. Due to defendant's actions, plaintiff has suffered extreme emotional distress and loss of liberty (See exhibit "D" & exhibit "I" & "J")

15. Defendant Banry exercised deliberate indifference when defendant maliciously falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011, in an attempt to cover up unconstitutional conduct. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Banry maliciously gave false statements in his report by stating that plaintiff attempted to murder defendant Stringer. In addition, defendant Banry maliciously gave false statements in his report regarding the "deadly use of force" and assault against plaintiff. Furthermore, defendant Banry has a known history of unconstitutional conduct of a police officer. The alleged false statement has been proven to be physically impossible by Dr. Solomon, Biomechanical Chief Scientist. Due to defendant's actions, plaintiff has suffered extreme emotional distress and loss of liberty. (See exhibit "E" & exhibit "I" & "J")

16. Defendant Stringer exercised deliberate indifference when defendant maliciously

falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011, in an attempt to cover up unconstitutional conduct. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Stringer maliciously gave   false statements in his report by stating that plaintiff attempted to murder defendant Stringer. In addition, defendant Stringer maliciously gave false statements and witness to plaintiff' arrest at plaintiff's preliminary hearing by stating that plaintiff attempted to murder defendant Stringer. Furthermore, defendant Stringer has a known history of unconstitutional conduct of a police officer. The alleged false statements have been proven to be physically impossible by Dr. Solomon, Biomechanical Chief Scientist. Due to defendant's actions, plaintiff has suffered extreme emotional distress and loss of liberty.    (See exhibit "F" & exhibit "I" & "J")

17.    Defendant Bunch exercised deliberate indifference when defendant maliciously falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011, in an attempt to cover up unconstitutional conduct. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Bunch maliciously gave false statements in his report by stating that plaintiff attempted to murder defendant Stringer. In addition, defendant Bunch maliciously gave false statements in his report regarding the "deadly use of force" and assault against plaintiff. Furthermore, defendant Bunch has a known history of unconstitutional conduct of a police officer. The alleged false statement has been proven to be physically impossible by Dr. Solomon, Biomechanical Chief Scientist. Due to defendant's actions, plaintiff has suffered extreme emotional distress and loss of liberty. (See exhibit "G" & exhibit "I" & "J")

18.    Defendant Brownell exercised deliberate indifference when defendant maliciously falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011, in an attempt to cover up unconstitutional conduct. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Brownell maliciously gave false statements in his report by stating that plaintiff attempted to murder defendant Stringer. In addition, defendant Brownell maliciously gave false statements in his report regarding the "deadly use of force" and assault against plaintiff. Furthermore, defendant Brownell has a known history of unconstitutional conduct of a police officer. The alleged false statement has been proven to be physically impossible by Dr. Solomon, Biomechanical Chief Scientist. Due to defendant's actions, plaintiff has suffered extreme emotional distress and loss of liberty. (See exhibit "H" & exhibit "I" & "J")

19.    Defendant Smith exercised deliberate indifference when defendant maliciously falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011, in an attempt to cover up unconstitutional conduct. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Smith maliciously gave false statements in his report by stating that plaintiff attempted to murder defendant Stringer. In addition, defendant Smith maliciously gave false statements in his report regarding the "deadly use of force" and  assault against plaintiff. Furthermore, defendant Smith has a known history of unconstitutional conduct of a police officer. The alleged false statement has been proven to be physically impossible by Dr. Solomon, Biomechanical Chief Scientist. Due to defendant's actions, plaintiff has suffered extreme emotional distress and loss of liberty. (See exhibit "C" pages 36, 40 & exhibit "I")

20. Defendant Vollmer exercised deliberate indifference when defendant maliciously falsified police reports and gave false testimony and witness to plaintiff's arrest on or about 01/15/2011, in an attempt to cover up unconstitutional conduct. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Vollmer maliciously gave false statements in his report by stating that plaintiff attempted to murder defendant Stringer. In addition, defendant Vollmer maliciously gave false statements in his report regarding the "deadly use of force" and assault against plaintiff. Furthermore, defendant Vollmer has a known history of unconstitutional conduct of a police officer. The alleged false statement has been proven to be physically impossible by Dr. Solomon, Biomechanical Chief Scientist. Due to defendant's actions, plaintiff has suffered extreme emotional distress and loss of liberty. (See exhibit "I")

21. Defendants Acting Sergeant and Use of Force Investigator Hendry exercised deliberate indifference by failing immediately to remedy the unconstitutional act of falsifying reports and false statements regarding defendants "excessive deadly force"; "assault and battery" on plaintiff. Defendant Hendry knowing and willingly covered up the illegal actions of the defendants' use of "deadly excessive force" and false statements. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Hendry is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Hendry failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Hendry failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

22. Defendants Acting Patrol Supervisor Kim exercised deliberate indifference by failing immediately to remedy the defendants unconstitutional act of falsifying reports and false statements regarding defendants "excessive deadly force"; "assault and battery" on plaintiff. Defendant Kim reviewed the defendants Use of Force Report and signed off on the report. Defendant Kim knowing and willingly covered up the illegal actions of the defendants' use of "deadly excessive force" and false statements. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Kim is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Kim failed to set up

policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Kim failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

23. Defendants Acting Commanding Officer Albanese exercised deliberate indifference by failing immediately to remedy the defendants unconstitutional act of falsifying reports and false statements regarding defendants "excessive deadly force"; "assault and battery" on plaintiff. Defendant Albanese reviewed the defendants Use of Force Report and signed off on the report. Defendant Albanese knowing and willingly covered up the illegal actions of the defendants' use of "deadly excessive force" and false statements. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Albanese is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Albanese failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Albanese failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

24. Defendants Acting Police Chief Beck exercised deliberate indifference by failing immediately to remedy the defendants unconstitutional act of falsifying reports and false statements regarding defendants "excessive deadly force"; "assault and battery" on plaintiff. Defendant Beck reviewed the defendants Use of Force Report and Internal Affairs Investigation Report. Defendant Beck knowing and willingly covered up the illegal actions of the defendants' use of "deadly excessive force" and false statements. Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Beck is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Beck failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Beck failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

25. Defendants Employer Los Angeles Police Department exercised deliberate indifference by its failure to adequately train, supervise and discipline its employee's unconstitutional act of falsifying reports and false statements regarding the use of "excessive deadly force"; "assault and battery" on plaintiff. Acts resulting in the employees violating plaintiff's rights and deprivation of liberty. Los Angeles Police Department conducted an Internal Affairs Investigation and Use of Force Investigation regarding plaintiff's incident. Defendant Los Angeles Police Department, is aware of the defendant employees past misconduct. Los Angeles Police Department knowing and willingly covered up the illegal actions of the defendants and failed to remedy the defendants' unconstitutional act of falsifying police reports and false statements. Los Angeles Police Department noted a conscious disregard for a need to adequately train, as shown by a pattern of unconstitutional conduct by employees. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

26. Defendants Municipality of North Hollywood exercised deliberate indifference by its failure to adequately train, supervise and discipline its employees unconstitutional act of falsifying reports and false statements regarding the use of "excessive deadly force"; "assault and battery" on plaintiff. Acts resulting in the employees violating plaintiff's rights and deprivation of liberty. Los Angeles Police Department conducted an Internal Affairs Investigation and Use of Force Investigation regarding plaintiff's incident. The City of North Hollywood is aware of the defendant employees past misconduct. The city of North Hollywood noted a conscious disregard for a need to adequately train, as shown by a pattern of unconstitutional conduct by employees. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". In light of the unconstitutional conduct by employees and the duties assigned to specific employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city of North Hollywood can reasonably be said to have been deliberately indifferent to the need. As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

27. Defendants Municipality of Los Angeles County exercised deliberate indifference by its failure to adequately train, supervise and discipline its employee's unconstitutional act of falsifying reports and false statements regarding the use of "excessive deadly force"; "assault and battery" on plaintiff. Acts resulting in the employees violating plaintiff's rights and deprivation of liberty. Los Angeles Police Department conducted an Internal Affairs Investigation and Use of Force Investigation regarding plaintiff's incident. The City of Los Angeles is aware of the defendant

employees' past misconduct. The city of Los Angeles noted a conscious disregard for a need to adequately train, as shown by a pattern of unconstitutional conduct by employees. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". In light of the unconstitutional conduct by employees and the duties assigned to specific employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city of Los Angeles can reasonably be said to have been deliberately indifferent to the need. As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

28.   Defendants Acting Mayor Eric Garcetti exercised deliberate indifference by failing immediately to remedy the defendants unconstitutional act of falsifying reports and false statements regarding defendants "excessive deadly force"; "assault and battery" on plaintiff. Defendant Garcetti reviewed the defendants Internal Affairs Investigation Report and signed off on the findings. Defendant Garcetti knowing and willingly covered up the illegal actions of the defendants' false statements and use of "deadly excessive force". Acts resulting in plaintiff's deprivation of liberty which interfere with plaintiff's fundamental rights. Defendant Garcetti is aware of the subordinate defendant's past misconduct and failed to take action to remedy it. To the plaintiff's knowledge, per Pitchess motion granted on August 17, 2011, a total of 11 employee misconduct complaints have been made against defendant Stringer(2 complaints), defendant Lopez(2 complaints), defendant Bunch(3 complaints), and defendant Brownell(4 complaints), not withstanding, various complaints of misconduct that have not been disclosed to plaintiff. The 11 reports and complaints alleging unconstitutional conduct of a police officer "demonstrate an obvious need for more or better supervision to protect against constitutional violations". Defendant Garcetti failed to set up policies that help guide subordinates' conduct so that violations of constitutional rights do not occur. Defendant Garcetti failed to inform staff of and train them on policies designed to avoid constitutional deprivations and failed to properly supervise staff to ensure that they adhere to policies. In light of the unconstitutional conduct by employees and the duties assigned to specific employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of the city of Los Angeles can reasonably be said to have been deliberately indifferent to the need. As a result plaintiff has suffered extreme emotional distress and loss of liberty. *(See exhibit "A" & exhibit "I" & "J")*

CV-66 (7/97)

**CIVIL RIGHTS COMPLAINT**

## E.  REQUEST FOR RELIEF

I believe that I am entitled to the following specific relief:

WHEREFORE, Miguel Melgar prays for judgment in his favor and damages in his favor against all defendants in an amount sufficient to compensate him for the extraordinary permanent pain, permanent visual and body medical needs and life-long mental anguish suffered by him due to deliberate indifference, wanton and unnecessary infliction of pain, and intentional misconduct of defendants, but in no event less than $45,000,000.00 (forty-five million dollars) together with his attorneys' fees and costs and such additional relief as the Court may deem just and proper.

In addition, Miguel Melgar prays for judgment in his favor against all defendants in an injunctive relief giving an order to all L.A.P.D. defendants and any/all members of the Violent Crimes Task Force from the Valley Bureau Division of LAPD requiring to stay away from and not to bother and not to have any contact with Miguel Melgar.  Plaintiff Miguel Melgar is in fear for his life and given L.A.P.D officers' prior acts, plaintiff strongly believes that LAPD will attempt on his life as a reprisal.

October 8, 2014
_(Date)_

_(Signature of Plaintiff)_

EXHIBIT



"**A**"

# EXHIBIT COVER PAGE

UNITED STATES DISTRICT COURT

**Description of this exhibit:**

LOS ANGELES POLICE DEPARTMENT

INTERNAL AFFAIRS COMPLAINT

**Number of pages to this exhibit:**  5  pages

# LOS ANGELES POLICE DEPARTMENT



**CHARLIE BECK**
Chief of Police

**ERIC  GARCETTI**
Mayor

P.O. Box 30158
Los Angeles, Calif.  90030
Telephone:
(818) 644-8070
TDD: (877) 275-5273
Ref #: 1.7

November 13, 2013

CF# 12-001997

Mr. Miguel Melgar
CDC# AL1390
C.T.F. North SB 332U
P.O. Box 0705
Soledad, CA 93960

Dear Mr. Melgar:

An investigation into your complaint that was reported on January 14, 2011, regarding the conduct of employees of the Los Angeles Police Department, has been completed. The investigation has gone through several levels of review, including myself and the command staff of Internal Affairs Group. Your allegation that officers maliciously arrested you, completed false arrest report against you and used unauthorized force were classified as *Unfounded,* which means that based upon the preponderance of evidence standard the investigation determined that the acts alleged did not occur in the manner you described.

Thank you for bringing this matter to our attention.  It is the goal of the Los Angeles Police Department to provide the highest level of quality service to every member of the community.  Any questions regarding this matter may be referred to Sergeant Sherri Egan at (818) 644-8070.

Very truly yours,

CHARLIE BECK
Chief of Police

JON PETERS, Commander
Assistant Commanding Officer
Operations-Valley Bureau

AN EQUAL EMPLOYMENT OPPORTUNITY
www.LAPDOnLine.org