**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| **MIGUEL ANGEL MELGAR,** | )<br>) |
| Plaintiff, | ) No. CV 14-8316 DOC (AJW)<br>) |
| v. | ) **MEMORANDUM AND ORDER**<br>) **DISMISSING FIRST AMENDED** |
| **ANTHONY LOPEZ, et al.,** | ) **COMPLAINT WITH LEAVE TO**<br>) **AMEND** |
| Defendants. | )<br>) |

**Proceedings**

Plaintiff, a prisoner proceeding pro se and in forma pauperis, filed a first amended civil rights complaint ("FAC") for damages and injunctive relief alleging violations of his Fourth Amendment right to be free from excessive force. [Docket ("Dkt.") No. 7]. The named defendants are the Los Angeles Police Department ("LAPD"), LAPD Chief Charlie Beck ("Beck"), the City of North Hollywood[1], Los Angeles County[2], and LAPD Officers Albanese, Banry, Brownell, Bunch, Hendry, Kim, Lopez, Smith, Stringer, and

---

[1]  Plaintiff erroneously sued North Hollywood, which is not a city but a neighborhood within the City of Los Angeles.

[2]  Plaintiff mistakenly alleges that LAPD is a County department, and no other facts are alleged against the County. [Complaint 6]. Accordingly, it appears that plaintiff erroneously sued the County, which for that reason has not been served with the summons and complaint and is not a party to this action.

Vollmer. The individual defendants were sued in both their official and individual capacities.[3]

Defendants Albanese, Banry, Beck, Brownell, Bunch, Kim, Lopez, Smith, Stringer and Vollmer filed a motion to dismiss the FAC for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). [Dkt. Nos. 24-26, 30]. Plaintiff filed opposition to the motion and a supporting declaration with attached exhibits. [Dkt. Nos. 41-42]. Defendants filed a reply. [Dkt. No. 44]. Plaintiff was permitted to file a sur-reply. [Dkt. No. 35].

For the reasons described below, the FAC is dismissed with leave to amend. Plaintiff has three options:

(1) Plaintiff **may continue this action in this court** by filing a document labeled **"Second Amended Complaint"** within **twenty-one (21) days** of the date of this order. To withstand dismissal, the amended complaint must attempt to correct the factual and legal defects described below.

(2) Plaintiff **may file a "Notice of Intent Not to Amend Complaint"** within **twenty-one (21) days** of the date of this order. The timely filing of a notice of intent not to amend will be construed as an indication that plaintiff wishes to challenge dismissal of the complaint by seeking review of this order in the Ninth Circuit Court of Appeals. If the court receives timely written notice of plaintiff's intent not to file an amended complaint, this action will be dismissed with prejudice, and plaintiff will be free to appeal the order of dismissal. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-1066 (9th Cir. 2004); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) Plaintiff **may do nothing in response to this order**. If plaintiff does not respond to this order by filing either a timely amended complaint or a timely notice of intent not to amend, plaintiff will be deemed to have consented to the dismissal of this action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and failure to comply with this order. See Edwards, 356 F.3d at 1063-1066.

---

[3] Defendants Beck and Garcetti were served with the summons and complaint in both their individual and official capacities, so this action is against those defendants individually and against the governmental entity that employs them, the City of Los Angeles. [See Docket Nos. 20-23]. See Gomez v. Vernon, 255 F.3d 1118, 1126 (9th Cir.), cert. denied, 534 U.S. 1066 (2001); Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996). To avoid redundancy, the remaining individual defendants were served in their individual capacity only.

**Allegations of the FAC**

The FAC alleges the following facts. On or about January 14, 2011, plaintiff was residing in a room at The Colony Inn Hotel. While conducting a probation compliance check, defendant LAPD officers Banry, Bunch, Lopez, Smith, Stringer and Vollmer knocked on the door and ordered plaintiff out of the room onto the "catwalk." Plaintiff was immediately handcuffed without incident or resistance. Defendant LAPD officers Smith, Vollmer, and Bunch escorted plaintiff back into the room for about 20 minutes of questioning. Defendants Banry, Bunch, Lopez, and Stringer escorted plaintiff down the catwalk toward the elevator. Those defendants and defendant Brownell threw plaintiff, who was handcuffed behind his back, face-down on the ground and began to beat him. While on the catwalk and in the elevator, those defendants, joined by defendants Smith and Vollmer (collectively, the "officer defendants"), punched plaintiff in the face and body with closed fists, twisted his arms and wrists, struck him in the body and head with their knees and elbows, kicked him in the face and body, and hit him with a baton while pressing on his neck with one knee, causing plaintiff severe pain and severe physical and mental injuries. [FAC 7-9]. Plaintiff alleges that the officer defendants' conduct violated his Fourth Amendment rights. [FAC 7].

Defendants Hendry, Kim, Albanese, Beck, and Los Angeles Mayor Eric Garcetti (the "supervisory defendants") "knowingly and willingly covered up the illegal actions of defendants," such as by signing off on the officer defendants' Use of Force report or the LAPD's Internal Affairs Investigation Report. The supervisory defendants also failed to take action to remedy or prevent the officer defendants' use of "deadly excessive force," despite being aware of the officer defendants' past misconduct. The City of Los Angeles ("City"), LAPD, and the County of Los Angeles ("County") failed to adequately train, supervise, and discipline their subordinates, including defendants, amounting to deliberate indifference to plaintiff's rights, and their deliberate indifference caused the alleged violations of plaintiff's Fourth Amendment rights. [FAC 9-12]. The complaint seeks damages and injunctive relief. [FAC 13].

**Rule 12(b)(6) standard**

A complaint may be dismissed for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Twombly, 550 U.S. at 557.

For purposes of dismissal, the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. Chubb Custom Ins. Co. v. Space Sys./Loral, Inc., 710 F.3d 946, 956 (9th Cir. 2013); Akhtar v. Mesa, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Federal Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. Chubb Custom Ins. Co., 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. Franklin v. Murphy, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. See Ileto v. Glock Inc., 349 F.3d 1191, 1200 (9th Cir. 2003) (citing Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981)).

Plaintiff bears the burden of pleading and proving the following essential elements of his section 1983 claims: (1) conduct that deprived the plaintiff of a right, privilege, or immunity protected by the Constitution or laws of the United States, and (2) the alleged deprivation was committed by a person acting under the color of state law. See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 309 (2001); West v. Atkins, 487 U.S. 42, 48 (1988); Johnson v. Knowles, 113 F.3d 1114, 1117 (9th Cir.), cert. denied, 522 U.S. 996 (1997); Leer v. Murphy, 844 F.2d 628, 632-633 (9th Cir. 1988).

**Defendants' Request for Judicial Notice**

In support of their motion to dismiss, defendants filed a request for judicial notice ("RJN") of a

certified copy of the court docket for a criminal case, Los Angeles County Superior Court Case No. LA066968, People v. Miguel Angel Melgar (the "criminal case docket"). [Dkt. No. 25, Exhibit ("Ex.") 1]. Plaintiff does not oppose the request. Defendants' RJN is granted. See Fed. R. Civ. P. 201; Mack v. South Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir. 1986).

**The moving defendants' contentions**

The moving defendants contend that the complaint must be dismissed for failure to state a claim because plaintiff's Fourth Amendment claims are barred by the statute of limitation and by Heck v. Humphrey, 512 U.S. 477 (1994).

**Statute of limitation**

"[B]ecause the statute of limitations is an affirmative defense, the defendant bears the burden of proving that the plaintiff filed beyond the limitations period." Payan v. Aramark Mgmt. Servs. Ltd. P'ship, 495 F.3d 1119, 1122-1123 (9th Cir. 2007). In actions under sections 1983 and 1985, "courts apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004), cert. denied, 546 U.S. 820 (2005); see Wallace v. Kato, 549 U.S. 384, 394 (2007); Wilson v. Garcia, 471 U.S. 261, 269 (1985); Taylor v. Regents of Univ. of California, 993 F.2d 710, 711-712 (9th Cir. 1993) (per curiam). For section 1983 and 1985 claims arising in California, the limitation period for section 1983 claims is two years. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954-955 (9th Cir. 2004), cert. denied, 544 U.S. 968 (2005). Federal law, however, determines when a section 1983 or section 1985 claim accrues. Wallace, 549 U.S. at 388. Under federal law, a section 1983 claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the claim. Maldonado, 370 F.3d at 954.

The moving defendants contend that plaintiff's Fourth Amendment claims accrued on January 14, 2011, and that the limitation period expired two years later, on January 14, 2013, more than a year before plaintiff filed his complaint. Plaintiff, however, contends that his complaint was timely filed because the limitation period was tolled for two years under California Civil Procedure Code ("Civil Procedure Code") section 352.1(a), and his complaint was filed within four years of January 14, 2011. [Dkt. No. 33 at 3-4].

In their reply, the moving defendants concede that plaintiff would be entitled to tolling if he had been in "continuous" and "uninterrupted" custody for the entire two year period since his arrest. The moving defendants argue, however, that plaintiff has not shown that he is entitled to "prisoner tolling" under Civil Procedure Code section 352.1(a) because he has not alleged facts showing that he remained in continuous custody since the date of his arrest. [Dkt. No. 34 at 2-3]. In his sur-reply, plaintiff contends that the certified copy of his criminal case court docket attached to the moving defendants' request for judicial notice ("RJN") shows that he has been in continuous custody since his arrest. [Dkt. No. 35 at 1-2].

In section 1983 actions, California's tolling rules are applied to determine whether the statute of limitation should be tolled. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); TwoRivers v. Lewis, 174 F.3d 987, 992 (9th Cir. 1999). Under Civil Procedure Code section 352.1, the statute of limitation in a civil rights action for damages is tolled for up to two years while the plaintiff is confined in prison. Cal. Civ. Proc. Code § 352.1(a); see also Elliott v. City of Union City, 25 F.3d 800, 802-803 (9th Cir. 1994) (holding that the limitation period was tolled for arrest-related injuries because plaintiff had been in continuous custody since his arrest). Tolling is provided to California prisoners serving terms for less than life, but not to those serving terms of life without the possibility of parole, because a person serving a term for less than a life sentence has the potential to one day be released from confinement and enjoy the "fruits of litigation." Grasso v. McDonough Power Equip., Inc., 264 Cal. App. 2d 597, 600 (1968); see also Bianchi v. Bellingham Police Dep't, 909 F.2d 1316, 1319 (9th Cir. 1990)(interpreting a similar Washington state statute, and concluding that tolling was available to a prisoner serving consecutive life sentences, because there was a possibility, however remote, that he could be released on parole).

The plaintiff has the burden of alleging facts that "would give rise to tolling . . . ." Hinton v. Pacific Enter., 5 F.3d 391, 395 (9th Cir. 1993). However, "when a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993) (quoting Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980)). Such a motion to dismiss may be granted only if it is clear from the face of the complaint and judicially noticed documents that the plaintiff cannot prevail as a matter of law on the tolling issue. Hernandez v. City of El Monte, 138 F.3d 393, 402 (9th Cir. 1998); Supermail Cargo, Inc. v. United States,

68 F.3d 1204, 1206 (9th Cir. 1995); Cervantes, 5 F.3d at 1275.

The FAC, including attached exhibits, and the criminal case docket indicate that plaintiff was arrested and taken into custody on or a about January 14, 2011, and that a preliminary hearing was conducted on June 23, 2011. [FAC 1-13 & Ex. C; RJN, Ex. 1 at 1]. During the preliminary hearing, the state court made a probable cause finding and held plaintiff to answer on several felony criminal charges. Bail was set during the preliminary hearing, but the criminal case docket indicates that plaintiff did not post bail. It also indicates that plaintiff was remanded to custody and remained in custody until March 14, 2012, the date he pleaded "nolo contendere with the approval of the court" to five counts of violating California Penal Code ("PC") section 69[4], one count of violating PC section 245(c)[5], and one count of violating PC section 422.[6] The state court found that there was a factual basis for plaintiff's plea, accepted the plea, and found plaintiff guilty on those counts.[7] Plaintiff was sentenced to a term of imprisonment and was ordered transported to state prison forthwith. [FAC, Ex. C at 88; RJN, Ex. 1].

Accordingly, the FAC and the criminal case docket indicate that plaintiff remained in continuous and uninterrupted custody since the date of his arrest in January 2011, and therefore that plaintiff had until

---

[4] PC section 69 makes it a crime to "attempt[], by means of any threat or violence, to deter or prevent an executive officer from performing any duty imposed upon such officer by law, or [to] knowingly resist[], by the use of force or violence, such officer, in the performance of his duty . . . ."

[5] PC section 245(C) states:

Any person who commits an assault with a deadly weapon or instrument, other than a firearm, or by any means likely to produce great bodily injury upon the person of a peace officer or firefighter, and who knows or reasonably should know that the victim is a peace officer or firefighter engaged in the performance of his or her duties, when the peace officer or firefighter is engaged in the performance of his or her duties, shall be punished by imprisonment in the state prison for three, four, or five years.

[6] PC section 422 makes it a crime to "willfully threaten[] to commit a crime which will result in death or great bodily injury to another person, with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out, which, on its face and under the circumstances in which it is made . . . thereby causes that person reasonably to be in sustained fear for his or her own safety or for his or her immediate family's safety . . . ."

[7] "California law provides that, except for certain evidentiary distinctions, a nolo contendere plea is 'considered the same as a plea of guilty.'" Rodriguez v. City of Modesto, 535 Fed. Appx. 643, 644 (9th Cir. 2013) (quoting Cal. Penal Code § 1016(3)).

January 14, 2015 in which to file a section 1983 complaint. Plaintiff's complaint was delivered to prison authorities for mailing on October 22, 2014 and was filed by the Clerk of Court on December 9, 2014. Therefore, the moving defendants' motion to dismiss the complaint as untimely is denied.

**Heck bar**

"[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-487. "Under Heck, "if a criminal conviction arising out of the same facts stands and is fundamentally inconsistent with the unlawful behavior for which section 1983 damages are sought, the 1983 action must be dismissed." Cunningham v. Gates, 312 F.3d 1148, 1153 (9th Cir. 2002) (internal quotation marks omitted), cert. denied, 538 U.S. 960 (2003). A civil rights claim challenging the legality of a conviction or the length of confinement that has not been so invalidated is not cognizable under section 1983. Heck, 512 U.S. at 486-87; Edwards v. Balisok, 520 U.S. 641, 648 (1997). The Heck bar applies to municipal liability claims as well as to claims against individual municipal officers or employees. See Mancheno v. City of Orinda, 2015 WL 632402, at *6 (N.D. Cal. Feb. 13, 2015) (holding that the plaintiff's municipal liability claim failed because "Heck precludes [the plaintiff] from proving an underlying injury") (citing Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997)).

The moving defendants contend that plaintiff's section 1983 Fourth Amendment claims alleging excessive force are not cognizable under Heck because success on those claims would imply the invalidity of his outstanding convictions under PC sections 69 and 245(c) by negating an element of those claims, namely, that the officer defendants were acting lawfully in the performance of their duties at the time the offense occurred. See Heck, 512 U.S. at 487 n.6 (noting that an example of a section 1983 "action that does not seek damages directly attributable to conviction or confinement but whose successful prosecution would necessarily imply that the plaintiff's criminal conviction was wrongful" would be where "[a] state defendant is convicted of and sentenced for the crime of resisting arrest, defined as intentionally preventing a peace officer from effecting a lawful arrest. . . . He then brings a § 1983 action against the arresting officer,

8

1  seeking damages for violation of his Fourth Amendment right to be free from unreasonable seizures. In
2  order to prevail in this § 1983 action, he would have to negate an element of the offense of which he has
3  been convicted.").

4  An essential element of a valid conviction under PC section 69 or PC section 245(c) is that the peace
5  officers against whom those offenses were committed "was acting lawfully in the discharge or attempted
6  discharge of [his or her] duties at the time the defendant resisted, delayed, or obstructed the officer. A police
7  officer is not lawfully performing her duties if [she or he] . . . uses unreasonable or excessive force on the
8  individual at the time the defendant's unlawful resistance, delay or obstruction is occurring[.]" Rodriguez
9  v. City of Modesto, 535 Fed. Appx. 643, 644 (9th Cir. 2013) (citing Garcia v. Sup. Ct., 177 Cal.App.4th
10 803, 819 (2009); People v. Olguin, 119 Cal.App.3d 39, 46 (1981)); see Velasquez v. City of Long Beach,
11 793 F.3d 1010, 1018-1019 (9th Cir. 2015) ("The longstanding rule in California is that a defendant cannot
12 be convicted of an offense against a peace officer engaged in the performance of his or her duties unless the
13 officer was acting lawfully at the time the offense against the officer was committed.") (internal quotation
14 marks, ellipses, italics, and brackets omitted) (quoting In re Manuel G., 16 Cal.4th 805, 815 (1997)).

15 However, a valid conviction under PC section 69, 245(c), or another California statute that makes
16 it a crime to resist, obstruct, or delay a peace officer in the performance of his or her duties, such as PC
17 section 148(a)(1), "does not necessarily bar all excessive force claims arising from the same underlying
18 incident . . . ." Kyles v. Baker, 72 F. Supp. 3d 1021, 1036 (N.D. Cal. 2014). Under California law, a valid
19 conviction for resisting, obstructing, or delaying a police officer requires only that at "some time during a
20 continuous transaction an individual resisted, delayed, or obstructed an officer when the officer was acting
21 lawfully. It does not matter that the officer might also, at some other time during that same continuous
22 transaction, have acted lawfully.'" Hooper v. Cnty. of San Diego, 629 F.3d 1127, 1132 (9th Cir. 2011)
23 (citing Yount v. City of Sacramento, 43 Cal. 4th 885, 901 (2008) (holding that a conviction under PC
24 section 148(a)(a) for resisting, delaying, or obstructing a peace officer "can be valid even if, during a single
25 continuous chain of events, some of the officer's conduct was unlawful" because such a conviction "requires
26 only that some lawful police conduct was resisted, delayed, or obstructed during that continuous chain of
27 events")). So long as a section 1983 excessive force claim is "based on different actions" than the section
28 1983 plaintiff's conviction for resisting, delaying, or obstructing a peace officer, the excessive force claim

9

does not necessarily imply the invalidity of the conviction and therefore "is not barred by Heck, even where the claim and the conviction arise from the same 'continuous transaction.' In such situations, 'two isolated factual contexts exist, the first giving rise to criminal liability on the part of the criminal defendant, and the second giving rise to civil liability on the part of the arresting officer.'" Kyles, 72 F. Supp. 3d at 1036 (quoting Hooper, 629 F.3d at 1132, 1134) (holding that the plaintiff's section 1983 excessive force claim was not Heck-barred based on her conviction under PC section 148(a)(1) because a holding that the defendants' used excessive force by using a police dog as part of "one continuous transaction" would not "negate the lawfulness of the initial arrest attempt, or . . . of [the plaintiff's] attempt to resist it" by jerking her hand away from the arresting officer)).

Thus, a section 1983 plaintiff's valid conviction for resisting, obstructing, or delaying a peace officer in the performance of his or her duties "establish[es] for purposes of Heck that at some point during" the incident that led to the plaintiff's arrest, the plaintiff "resisted, resisted, delayed, or obstructed the arresting officers at a time when the officers were acting lawfully, and thus using reasonable force," and Heck bars the plaintiff's excessive force claim "to the extent [the plaintiff] maintain[s that he or she] did nothing wrong and w[as] arrested without reason . . . ." Rodriguez, 535 Fed. Appx. at 644-645. Heck does not, however, bar the plaintiff from "pursu[ing] claims that the arresting officers used excessive force subsequent to [the plaintiff's] unlawful resistance, delay, or obstruction, . . . or a claim that, though having a right to use reasonable force based on" the plaintiff's resisting, obstructing, or delaying the arresting officers in the performance of their duties, "the arresting officers responded with excessive force." Rodriguez, 535 Fed. Appx. at 645.

As currently pleaded, plaintiff's excessive force claims are barred under Heck. The FAC and attached exhibits establish that a continuous chain of events occurred on or about January 14, 2011 during which the officer defendants handcuffed plaintiff "without incident or resistance" on his part and thereafter used force against him while escorting him on the catwalk and in the elevator. According to the police reports and preliminary hearing transcript attached to the FAC, plaintiff was charged with, and held to answer, for violations of PC sections 69 and 245(c) because he used threats and physical force against the arresting officers as they escorted him on the catwalk and in the elevator. The FAC alleges, however, that the officer defendants' use of force against plaintiff on the catwalk and in the elevator was unreasonable and

excessive in violation of his Fourth Amendment rights. [See FAC 7-13 & Exs. C-H]. Therefore, even when the FAC and attached exhibits are viewed in the light most favorable to plaintiff, he has not alleged facts plausibly suggesting that his nolo contendere pleas and convictions under PC sections 69 and 245(c) and his section 1983 claim "are based on different actions during one continuous transaction'" or arise from "two isolated factual contexts" during "one continuous chain of events." Hooper, 629 at 1132, 1134 (internal quotation marks omitted).

In order to avoid the Heck bar, plaintiff must "allege facts showing how the force at issue" in his section 1983 claim "differed from or exceeded the reasonable force" that the officer defendants used in response to plaintiff's unlawful resistance supports plaintiff's valid convictions as a matter of law under PC sections 69 and 245(c). Rodriguez, 535 Fed. Appx. at 645 (dismissing the complaint with leave to amend where the complaint "fail[ed] to put Defendants on notice as to the nature of [the plaintiffs'] excessive force claims"). For example, plaintiff may be able to avoid the Heck bar if he can allege facts plausibly suggesting that he pleaded nolo contendere under PC sections 69 and 245(c) on the basis of specific facts that are different from those on which his excessive force claim is based.

**Conclusion**

For the foregoing reasons, defendants' motion to dismiss for failure to state a claim is **granted**, and the FAC is dismissed with leave to amend in accordance with the instructions set forth above.

September 30, 2015

_____
ANDREW J. WISTRICH
United States Magistrate Judge